AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Eastern District of California

| | | |
|---|---|---|
| United States of America<br>v.<br>PABLO SANCHEZ<br><br>*Defendant(s)* | ) ) ) ) ) ) ) | Case No.  1:19 MJ 00057 EPG |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __March 11, 2019__ in the county of __Fresno__ in the __Eastern__ District of __California__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. Section 841(a)(1) | Possession with Intent to Distribute Methamphetamine (50 grams and more) |
| 18 U.S.C. Section 922(g)(1) | Felon in possession of a firearm |
| | Maximum penalty for Count 1 is 40 years imprisonment, minimum of 5 years imprisonment, $5,000,000 fine, both fine and imprisonment, 4 years of supervised release minimum, life maximum, and $100 special assessment; Count 2 is 10 years prison, $250,000 fine, both fine and imprisonment, 3 years supervised release, and $100 special assessment |

This criminal complaint is based on these facts:

See affidavit of DEA Special Agent Paul Wanta, attached hereto and incorporated herein.

☑ Continued on the attached sheet.

*Complainant's signature*

Paul Wanta, DEA Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 3/11/19

*Judge's signature*

City and state: Fresno, CA

Erica P. Grosjean, U.S. Magistrate Judge
*Printed name and title*


FILED
MAR 12 2019
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY ___ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. |
| Plaintiff, | AFFIDAVIT OF DEA SA PAUL D. WANTA |
| v. | |
| PABLO SANCHEZ, | |
| Defendants. | |

I, Paul D. Wanta, being sworn, depose, and state the following:

1.  I am a Special Agent (SA) of the United States Department of Justice, Drug Enforcement Administration (DEA). I am a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request a search warrant. I have been employed as a Special Agent with the Drug Enforcement Administration (DEA) since September 2018 and am presently assigned to the DEA District Office in Fresno, California. I have successfully completed an eighteen (18) week DEA Basic Agent Training Academy at the Drug Enforcement Administration Academy in Quantico, Virginia. This training included instruction in the investigation of federal drug violations, including, but not limited to, Title 21, United States Code, Sections 841(a)(1) and 846. I have assisted in several more narcotics investigations which have led to the seizure of narcotics and the arrests of numerous individuals. I have used various methods of investigation including but not limited to physical surveillance, electronic surveillance, phone toll analysis, records research, executed search warrants, photo and video analysis, interviews of confidential informants and witnesses. I have discussed with law enforcement officers, cooperating defendants, and informants, the methods and practices used by narcotics distributors. I am a law enforcement officer as defined by federal statutes.

2.  In addition, I have completed various training provided by the DEA, including, but not limited to training on identifying characteristics associated with the manufacture, sale, and transportation

COMPLAINT AFFIDAVIT                                    1

of various narcotics, including, but not limited to phencyclidine (PCP), methamphetamine, heroin, cocaine, and marijuana. This training involved the use, possession, packaging, sale, concealment, manufacturing, and transportation of various controlled substances as well as its precursors and chemicals used in the manufacturing process. I am familiar with narcotics traffickers' methods of operation including the distribution, storage, manufacturing, and transportation of narcotics and the collection of money proceeds of narcotics trafficking. I have assisted on the execution of several federal narcotics search warrants that resulted in the arrest of suspects and seizure of narcotics.

3.  I have participated in narcotics investigations in a supporting role. I have debriefed informants, and witnesses who had personal knowledge regarding narcotics trafficking organizations. Additionally, I have participated in many aspects of drug investigations including, but not limited to, undercover operations, conducting physical and electronic surveillance, and arrests. I have conducted and been involved in numerous investigations regarding the unlawful manufacture, possession, distribution, and transportation of controlled substances, as well as conspiracies associated with criminal narcotics, in violation of Title 21, United States Code, §§ 841(a)(1), 841(c)(2), 843, and 846 and the State of California Health and Safety Code.

4.  This affidavit is in support of a complaint charging Pablo SANCHEZ, with violations of Title 18 U.S.C. § 922(g)(1), being a felon in possession of a firearm or ammunition; and Title 21 U.S.C. § 841(a)(1), possession of controlled substance with intent to distribute. The information set forth in this affidavit is taken from reports from the Fresno County Sheriff's Office, except where noted, and is not intended to detail each and every fact and circumstance of the investigation or all the information known to me and other law enforcement investigators. Rather, this affidavit serves to establish probable cause for the arrest of SANCHEZ.

5.  On February 1, 2019 at approximately 2:33 am, Fresno County Sheriff Deputy Brett Salomonson conducted a traffic stop on a silver, 2004 Lincoln Sedan with California license plate #5KUM189. Dep. Salomonson conducted a registration check of the vehicle and discovered the vehicle had expired registration as of 01/26/2019. The driver of the vehicle initially identified himself to Dep. Salomonson as "Paul SANCHEZ". Dep. Salomonson was unable to locate any record under that

COMPLAINT AFFIDAVIT                    2

name, therefore he detained SANCHEZ for driving without a license. After questioning SANCHEZ about his identity, SANCHEZ stated to Dep. Salomonson that his given name was "Pablo SANCHEZ" and a date of birth. Dep. Salomonson found SANCHEZ had an outstanding no-bail felony probation warrant.[1] Additionally, Dep. Salomonson found that SANCHEZ was on felony probation[2] until 05/20/2029 and was open to search and seizure.

6. The passenger of the vehicle identified herself. Dep. Salomonson discovered that the passenger had an outstanding misdemeanor warrant[3], therefore Dep. Salomonson detained her.

7. Dep. Salomonson asked SANCHEZ for consent to search the vehicle, and he gave his consent. During the search of the vehicle, Dep. Salomonson located a black backpack that was placed on the rear driver's side seat. There was a round clear plastic container, about 3 inches in diameter, inside the side mesh pocket of the backpack. Dep. Salomonson opened the container and located seven small plastic baggies. Six of the baggies contained a white crystalized substance, which Dep. Salomonson recognized from his training and experience as methamphetamine[4]. The seventh baggie contained a black tar-like substance, which Dep. Salomonson recognized as heroine (later measured around 4.5 grams)[5].

8. Dep. Salomonson continued his search of the main compartment of the backpack and located a black glasses case. Upon opening the case, Dep. Salomonson located two large clear plastic bags which contained large chunks of suspected methamphetamine[6]. There were also three rolls of twenty dollar bills (later counted to $1200.00). Inside the backpack, Dep. Salomonson located a small black digital scale with a white crystalized residue, indicating it was used to weigh methamphetamine. Dep. Salomonson also found hundreds of small assorted empty plastic baggies, similar to the baggies

---

[1] VC23152(b) (#18007083-F10904117)

[2] Case #F10904117

[3] HS11364(a) (#19000188-M18931169)

[4] Fresno County Sheriff's Office Forensic Laboratory later tested one of the six bags and confirmed the substance to be methamphetamine.

[5] Fresno County Sheriff's Office Forensic Laboratory later confirmed the substance to be heroin.

[6] Fresno County Sheriff's Office Forensic Laboratory later tested one of the two bags and confirmed the presence of methamphetamine.

already containing the narcotics. Inside a small pocket of the backpack, Dep. Salomonson located a blue foam eye glasses case containing a glass pipe. The pipe had a bulbous end which contained a burnt crystalized residue, and based Dep. Salomonson's training and experience he recognized the pipe as a methamphetamine pipe.

9. Also loose in the backpack were two pill bottles prescribed to Charlene Felix. One bottle contained four 325mg Hydrocodone pills and the other contained two Amoxicillin pills. Dep. Salomonson also located 11 Hydrocodone pills loose in a clear plastic bag. Inside the backpack, there was a black plastic bag containing 37 loose .38 caliber rounds.

10. Dep. Salomonson continued his search of the vehicle and located a Smith & Wesson .38 revolver with serial number #CZB8016 hidden under the front passenger seat. The revolver was silver with a pink rubber grip, and had five live rounds in the cylinder. Dep. Salomonson photographed the revolver in place before clearing it.

11. After securing all evidence, Dep. Salomonson read SANCHEZ his Miranda warnings from the Fresno County Sheriff's department issued S0-71 card, and when asked if he understood he replied, "Yes." SANCHEZ stated he and his girlfriend were coming from one of his friend's houses in Malaga. He knew his registration on his vehicle was expired, but had just purchased the vehicle in a lien sale. Dep. Salomonson asked SANCHEZ who the backpack belonged to and he said it was his. When asked if he knew what was in it, SANCHEZ replied, "Dope." SANCHEZ stated that there were approximately two ounces of methamphetamine inside the backpack. SANCHEZ further stated he had picked it up from a friend in Fresno a couple hours prior to "hold it for him." SANCHEZ stated that he didn't know the friend's name. Dep Salomonson asked SANCHEZ what he was planning on doing with it and he said "just hold it." SANCHEZ said he wasn't getting paid to hold the methamphetamine, but he was able to "get high for free." Dep Salomonson then asked SANCHEZ if he knew about a gun in the car and SANCHEZ stated that he did. Without being asked or told where it was, SANCHEZ stated that the gun was under the front passenger seat and he had put it there himself when he picked up the backpack. SANCHEZ also indicated he was "holding the gun for a friend." SANCHEZ stated that he

COMPLAINT AFFIDAVIT                                           4

did not know the firearm was stolen. SANCHEZ stated that knew he was a convicted felon and was still in possession of the firearm.

12. Due to the quantities, packaging, scale, and baggies, I have probable cause to believe that SANCHEZ possessed methamphetamine with intent to distribute it. He also was in possession of several other narcotics and paraphernalia. SANCHEZ is currently on felony probation and was a convicted felon in possession of both a concealed stolen loaded firearm and additional ammunition.

13. Fresno County Sheriff's Dep. Salomonson conducted a firearm trace on serial number #CZB8016, and the return indicated the revolver was stolen out of Siskiyou County, California. It was one of 13 firearms stolen from Valley Tire and Tackle Inc. in Fort Jones, CA in 2016[7].

14. On March 1, 2019, I reviewed Fresno County Superior Court records indicating that Sanchez was convicted of the following felonies documented in court cases F06905073 and F10904117 for driving under the influence of alcohol/0.08 percent.

15. On February 26, 2019, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) Special Agent George Jusino, an Interstate Nexus Expert, was contacted regarding the previously mentioned firearm. Based on Special Agent Jusino's training in determining the state or country in which firearms and/or ammunition are manufactured, he was able to determine based solely on a verbal description and photographs of the aforementioned firearm provided by the case agent/officer, the firearm was not manufactured in the state of California, and therefore, affecting interstate commerce.

[Remainder of page intentionally left blank.]

## CONCLUSION

16. The above facts set forth probable cause to believe that Pablo Sanchez was in violations of Title 18 U.S.C. § 922(g)(1), being a felon in possession of a firearm or ammunition that has traveled

---

[7] Siskiyou County SO Case #F20160000360

in interstate or foreign commerce, and Title 21 U.S.C. § 841(a)(1), possession of controlled substance with intent to distribute. I request that an arrest warrant be issued for Pablo Sanchez for these violations.

Paul D. Wanta
Special Agent
Drug Enforcement Administration

Swore to and subscribed before me

This \_\_\_11\_\_\_ day of March, 2019

ERICA P. GROSJEAN
UNITIED STATES MAGISTRATE JUDGE

Reviewed as to form.

/s/ Kimberly A. Sanchez
KIMBERLY A. SANCHEZ
Assistant U.S. Attorney